**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-4825**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

SHAWNEE OTTO JENNINGS, a/k/a Frank White,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Malcolm J. Howard, Senior District Judge. (7:14-cr-00097-H-1)

---

Submitted: May 31, 2017                           Decided: June 30, 2017

---

Before DIAZ, FLOYD, and THACKER, Circuit Judges.

---

Dismissed in part; affirmed in part by unpublished per curiam opinion.

---

Daniel Micah Blau, HALE, BLAU & SAAD, ATTORNEYS AT LAW, PC, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawnee Otto Jennings pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine base, marijuana, and heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and the district court sentenced Jennings to 188 months' imprisonment. On appeal, Jennings' counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), certifying that no meritorious grounds exist for appeal but questioning the denial of a motion to suppress and the validity of Jennings' sentence. The Government has moved to dismiss the appeal based on the appeal waiver in Jennings' plea agreement. Jennings has received notice of the right to file a pro se supplemental brief and, through counsel, has filed a response to the motion to dismiss, asking the court to conduct an *Anders* review.

We conclude that Jennings' appeal waiver is valid because he entered it knowingly and intelligently. *See United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). Jennings waived the right to appeal his conviction and any sentence within the statutory maximum. Accordingly, we grant the Government's motion to dismiss and dismiss the appeal as to any issues within the compass of the waiver that are waivable by law. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (recognizing that certain claims cannot be waived by plea agreement). We also conclude that the record does not support any claims that cannot be waived by plea agreement. *See, e.g.*, *United States v. Copeland*, 707 F.3d 522, 530 (4th Cir. 2013); *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore dismiss the appeal in part and affirm the district court's judgment as to any issue not precluded by the appeal waiver. This court requires that counsel inform Jennings, in writing, of the right to petition the Supreme Court of the United States for further review. If Jennings requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jennings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*